IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP PEACE                          :              CIVIL ACTION
                                       :
                                       :
         v.                            :
                                       :
SCI CRESSON et al.                     :              NO. 11-cv-2629


ORDER


AND NOW, this 30th day of January, 2012, upon consideration of Petitioner Phillip

Peace's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) and

Respondents' Answer to said Petition (Doc. No. 6), as well as after careful and independent

review of Magistrate Judge Wells' Report and Recommendation (Doc. No. 13) and Petitioner's

objections thereto (Doc. No. 19), it is hereby ORDERED as follows:

1.      Petitioner's objections (Doc. No. 19) are OVERRULED.

2.      Magistrate Judge Wells' Report and Recommendation (Doc. No. 13) is
        APPROVED and ADOPTED in its entirety.

3.      Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is DENIED with
        prejudice.

4.      There is no probable cause to issue a certificate of appealability.

5.      The Clerk of Court is directed to close this matter for statistical purposes.


Petitioner makes several objections to Magistrate Judge Wells' Report and

Recommendation.  This Court reviews *de novo* the portions of the Magistrate Judge's Report to

which specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  In doing so, we may

accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  Id.  Here, we accept Magistrate Judge Wells' findings and recommendations in their entirety and overrule Petitioner's objections accordingly.  We address each of Petitioner's objections in turn.

Regarding Claim One (actual innocence), Petitioner argues that 28 U.S.C. § 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") unconstitutionally suspend the writ of habeas corpus in violation of Article I, § 9, clause 2, of the Constitution.  (Doc. No. 19, at 5).  The Supreme Court has held otherwise.  See Felker v. Turpin, 518 U.S. 651, 663-65 (1996).

Additionally, Petitioner, who was prosecuted by information, not indictment, asserts that criminal prosecution by information violates both the Constitution of the United States and the Pennsylvania Constitution by dispensing with a grand jury.  (Doc. No. 19, at 5-6).  Again, numerous courts, including the U.S. Supreme Court and the Pennsylvania Supreme Court, have held otherwise.  See Beck v. Washington, 369 U.S. 541, 545 (1962) ("[T]his Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions."); United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3d Cir. 1975) ("The United States constitutional requirement of indictment by a grand jury has not been made applicable to the states.") (citations omitted); McWhorter v. Curion, Civ. A. No. 87–2162, 1987 WL 12304, at *1 (E.D. Pa. June 5, 1987) ("[P]rosecution by information is not unconstitutional."); Pa. Const. art. I, § 10 ("Each of the several courts of common pleas may, with the approval of the Supreme Court, provide for the initiation of criminal proceedings therein by information filed in the manner provided by law."); Pennsylvania v. Webster, 337

A.2d 914, 915-16 (Pa. 1975) (noting that "permission to substitute informations for indictments is granted by the amended Constitution," so habeas petitioners are "foreclosed from contending that article I, section 10 violates any rights guaranteed by the Pennsylvania Constitution.").[1]

Third, Petitioner surmises that "[t]he U.S. Magistrate seems to suggest that 'actual innocence' applies only to defendants charged with murder.  Such an assumption would be absurd."  Magistrate Judge Wells did no such thing.  Judge Wells merely pointed out that free-standing claims of actual innocence may provide a basis to excuse procedurally defaulted claims but are *not* appropriate for federal habeas relief unless attached to an independent constitutional claim.  (Doc. No. 13, at 5).

Regarding the issues of exhaustion and procedural default, Petitioner claims that his trial counsel was a "known drug addict, was under the influence at trial and at a later date died." (Doc. No. 19, at 3).  Burdened with this "drug addicted Torpedo counsel appointed to represent him," Petitioner contends that we cannot fault him for failing to properly exhaust his state-court remedies.  (Doc. No. 19, at 6-8).  We see several problems with this line of reasoning.  First, Petitioner has presented no evidence to support this rather serious accusation.  Second, even assuming the truth of the allegation, Petitioner was represented by a different lawyer (Joseph J. Del Sordo) for the purposes of post-sentence motions and direct appeal; a third lawyer (Scott D. Galloway) in conjunction with Petitioner's first Post-Conviction Relief Act ("PCRA") petition;

---

[1]Petitioner presents the aforementioned arguments as objections in the context of Claim One (actual innocence), apparently attempting to circumvent Magistrate Judge Wells' correct conclusion that Claim Six, in which Petitioner likewise argued that prosecution by information is unconstitutional, is unexhausted and procedurally defaulted.  (Doc. No. 13, at 7-8).  We address these objections for the sake of thoroughness, even though Petitioner has, in fact, procedurally defaulted this particular claim.

3

and yet another lawyer (Stephen D. Molineux) in connection with Petitioner's amended PCRA petition. (See Commonwealth v. Peace, No. 3187 EDA 2005, slip op. at 4 (Pa. Super. Ct. July 11, 2006; Commonwealth v. Peace, TR. NO. 4715-2005, "Amended Post-Conviction Relief Act Petition" (Mar. 12, 2009)). As such, Petitioner had a more-than-adequate opportunity to fully pursue his claims at the state court level with the aid of non-substance abusing counsel -- he failed to do so. (Doc. No. 13, at 7-8). Finally, throughout the state court proceedings, Petitioner did not raise, much less exhaust, a claim that his trial lawyer was addicted to drugs during the trial. Therefore, to the extent Petitioner now seeks to assert a new substantive ineffective assistance of counsel claim based on trial counsel's alleged drug addiction, that claim is unexhausted and procedurally defaulted as well.

Regarding exhausted Claim Two (ineffective assistance of counsel), Petitioner first argues that his trial counsel was ineffective for failing to request severance of his trial from that of his brother, Dante Peace, and the "jury may have been and likely was relying on their determinations as to Dante Peace to assume petitioner Phillip Peace's guilt." (Doc. No. 19, at 11). This argument is unconvincing. As Judge Wells correctly noted, the state courts below concluded that Peace's severance claim lacked merit under state law, and that reasonable conclusion binds this court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In addition, Dante Peace's lawyer did make a motion to sever, which the trial judge denied. See Post-Sentence Mot. Hr'g Tr. 34-37, Oct. 14, 2005. This further demonstrates the apparent fruitlessness of

bringing a motion to sever in this matter.  We cannot deem Petitioner's trial counsel ineffective for failing to raise a futile motion.  See Johnson v. Tennis, 549 F.3d 296, 303 (3d Cir. 2008) ("Counsel cannot be found ineffective for failing to bring meritless motions.").

Next, Petitioner argues that his trial counsel should have moved for a mistrial after a Commonwealth witness inadmissibility testified that the gun found on Petitioner's brother was registered to his brother's girlfriend.  The trial court properly instructed the jury to disregard this testimony, but Petitioner asserts that the instructions did not cure the prejudice.  (Doc. No. 19, at 11).  This argument fails because the state courts below reasonably determined that the aforementioned testimony did not warrant a mistrial and that a curative instruction would suffice. As a federal habeas court, it is not our province to second-guess a state court's judgment call on a matter of state law.  Further, we fail to see how testimony regarding the gun found on Petitioner's brother and co-defendant, a *different gun* from the one found near Petitioner, would significantly prejudice Petitioner.

In his final ineffective assistance of counsel argument, Petitioner claims that his trial counsel should have objected to the jury instructions on various grounds.  (Doc. No. 19, at 12). Magistrate Judge Wells thoroughly addressed Petitioner's concerns regarding the jury instructions in her Report and Recommendation, and we agree with her analysis and conclusions. (Doc. No. 13, at 14-16).

Lastly, Petitioner challenges the sufficiency of the evidence to sustain his convictions.  In particular, Petitioner points out the following purported flaws in the government's case:

> The logical assumption if someone shoots over an officer's head is that he did not intend to murder the officer.  In fact, even Reckless Endangerment might not be provable under the circumstances of this case where there is a strong likelihood that, if indeed, shots were fired, they were not warning shots or another

percussion sounding like shots.  No slugs were recovered from the trees or the area and not [sic] buildings or objects were the source of spent slugs.

The trial court's conclusion that petitioner constructively possessed the subject firearm is a stretch of the imagination.  The weapon was found on the other side of a high fence which petitioner was not seen trying to climb and could not have climbed.  Petitioner was not seen in possession of the weapon; and petitioner as the 'peacemaker' had no motive to want to hurt anyone.  The magistrate assumes without evidence of any intent to injury that 'no one, fortuitously' was injured.  No one was injured because there was no intent to injure demonstrated at trial or by the evidence!  Even the officer's [sic] noted that whatever it was that sounded like shots passed ten feet over their heads.

(Doc. No. 19, at 12-13).

Petitioner's argument amounts to unfounded speculation and discussion about what evidence was *not* presented.  In a nutshell, here is the evidence that was.  While in the process of arresting Petitioner's brother, Dante Peace, several police officers heard three or four gunshots ring out.  One officer heard the shots and then heard objects ripping through the trees above him.  Another officer heard the shots pass by within ten (10) feet of his head.  Yet another officer ran towards the source of the shots and saw Petitioner in an area overgrown with trees and shrubs.  Petitioner fled and was apprehended shortly thereafter.  The officer from whom Petitioner fled recovered a gun about five (5) feet from where Petitioner was hiding.  That officer testified that the gun smelled like it had been recently fired.  (Doc. No. 13, at 2-3).

Based on the evidence presented, a rational trier of fact certainly could have found beyond a reasonable doubt that Petitioner committed the crimes for which he was convicted, including attempted murder.  (See Doc. No. 13, at 16-20).  As a federal habeas court, we do not re-weigh the evidence and make an independent determination of a defendant's guilt or innocence.  Rather, we view the evidence in the light most favorable to the prosecution and cannot grant habeas relief unless no rational trier of fact could have found the defendant guilty.

6

See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (noting that the sufficiency of evidence inquiry "does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'. . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original) (citations omitted).  Under this deferential standard of review, the evidence presented, although not utterly overwhelming, undoubtedly suffices to preclude habeas relief in this case.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.